IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Petitioner**

**FILED**
**November 15, 2022**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 22-ICA-33        (JCN: 2020016744)**

**SEAN STAPEL,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Murray American Energy, Inc.,[1] appeals the July 13, 2022, order of the West Virginia Workers' Compensation Office of Judges. Respondent Sean Stapel filed a timely response.[2] Petitioner did not file a reply brief. The issue on appeal is whether the Office of Judges erred in reversing the claim administrator's denial of authorization for treatment.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Office of Judges' order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent was injured on January 16, 2020. He was dragging a dust hose on the ground when the hose got stuck and he was jerked backwards causing immediate back pain. A lumbar spine CT scan found mild canal stenosis/ disc bulge at L4-5, which indicated that respondent's pre-existing back issues had worsened. Respondent was diagnosed with back strain and lumbar disc disease. On January 27, 2020, the claim

---

[1] For reasons not readily apparent in the appendix record, the parties have substituted "Marshall County Coal Resources, Inc." for the employer that was identified below as "Murray American Energy, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, Nos. 20-0537 & 21-0944, 2022 WL 16646484, *1 n.1 (W. Va. Nov. 3, 2022), we use the name of the employer as designated in the order on appeal: Murray American Energy, Inc.

[2] Petitioner is represented by Aimee M. Stern, Esq. Respondent is represented by Christopher J. Wallace, Esq.

administrator held respondent's claim compensable for strain of muscle, fascia, and tendon of the lower back.

On February 27, 2020, respondent was seen by David Cohen, M.D. Dr. Cohen diagnosed respondent with bulge of lumbar disc without myelopathy, low back pain, and leg pain. Dr. Cohen referred respondent to Adam Tune, M.D.[3] for evaluation of lumbar injections.

Respondent was seen by Dr. Tune on March 25, 2020. Dr. Tune reviewed respondent's MRI and CT scan and recommended a lumbar epidural steroid injection. On June 11, 2020, Dr. Tune provided respondent with an epidural steroid injection. On September 3, 2020, Dr. Tune provided respondent with a second epidural steroid injection.

On October 22, 2020, respondent returned to work. On December 28, 2020, respondent followed up with Dr. Tune and reported that his leg pain had improved since receiving the injections, but his lower back pain had returned. Dr. Tune suggested that respondent may further benefit from a left L4-5, L5-S1 facet medial branch block and possible radio-frequency ablation. Respondent was removed from work by Dr. Tune on December 29, 2020, because of the exacerbation of his lower back pain.

Between December 2020 and September 2021, respondent followed up with Dr. Tune several times for treatment of his lower back pain. Respondent received a left L4-L5, L5-S1 diagnostic lumbar facet medial branch blocks and physical therapy.

On September 27, 2021, Prasadarao Mukkamala, M.D. performed an independent medical examination on respondent. Dr. Mukkamala agreed with Dr. Tune's treatment recommendation of physical therapy for respondent. On December 8, 2021, Dr. Mukkamala issued an addendum report[4] stating that Respondent had reached maximum medical improvement.

Respondent reported an exacerbation of his back pain and was again removed from work on January 26, 2022.

---

[3] Respondent had seen Dr. Tune previously for treatment of a prior injury and had received lumbar injections as a treatment in the past.

[4] Dr. Mukkamala had not examined respondent a second time and appears to have based this determination on respondent completing physical therapy.

Dr. Mukkamala issued a supplemental report[5] on February 17, 2022, to address a request for additional physical therapy. Dr. Mukkamala indicated that the only treatment respondent should require is the continuation of a home exercise program.

On February 17, 2022, the claim administrator denied authorization for an office visit with Dr. Tune. Respondent protested the order. By order entered July 13, 2022, The Office of Judges reversed the claim administrator's February 17, 2022, decision and found that respondent's appointment with Dr. Tune was reasonable, necessary, and related to the compensable injury. Petitioner appeals that order to this Court.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Although this statute specifically references orders of the Board of Review, this Court concludes that the same standard applies to our review of orders issued by the Office of Judges during the period of time when administrative proceedings were being transferred from the Office of Judges to the Board of Review. *See* W. Va. Code § 23-5-8a (2022) (transferring powers and duties of Office of Judges to Board of Review); W. Va. Code § 23-5-12(b) (2021) (specifying this same standard of review when Board of Review heard appeals of Office of Judges' orders).

On appeal, petitioner argues that the visit with Dr. Tune and further pain management treatment are not medically related to or reasonably required by respondent's compensable injury, as required by West Virginia Code of State Rules § 85-20-9.1 (2006.) This regulation states, "The…self-insured employer…will pay for health care services,

---

[5] Dr. Mukkamala had, again, not examined respondent a second time prior to issuing this report.

durable medical and other goods and other supplies and medically related items as may be reasonably required. The…self-insured employer…will only pay for those services or items that have a direct relationship to the work-related injury or disease." *Id*.

Upon our review, we find no error in the Office of Judges' findings that an authorization for medical treatment was warranted. Respondent has been receiving treatment from Dr. Tune throughout his recovery for the compensable injury, including when the injury was exacerbated by respondent returning to work on previous occasions. As stated by the Office of Judges, "[g]iven that the [respondent] was granted temporary total disability benefits for this limited time period, it would appear that such appointment was reasonable, necessary, and related to the compensable injury." The Office of Judges was not clearly wrong in finding that respondent's office visit with Dr. Tune was medically related to and reasonably required for treatment of respondent's compensable injury.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 15, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4